IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES SUSZKA, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 C 5868 |
| | ) |
| FIFTH THIRD BANK, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Fifth Third Bank's (Fifth Third) motion to dismiss and Defendant Markoff Law's (Markoff) motion to dismiss. For the following reasons, Markoff's motion is granted and Fifth Third's motion is denied as moot.

## BACKGROUND

On September 15, 2015, Markoff allegedly filed a complaint on behalf of Fifth Third against Patricia Suszka in state court (State Action). In the State Action, Markoff is allegedly seeking damages in connection with a defaulted credit card account between Patricia Suszka and Fifth Third. On June 3, 2016, Plaintiff Patricia Suszka and Plaintiff James Suszka (collectively referred to as "Suszkas") filed the instant cause of action, which is related to the underlying credit card transaction.

1

The Suszkas' complaint in this action includes claims brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e (FDCPA) against Markoff and Fifth Third (Count I), a breach of contract claim against Fifth Third (Count II), a gross negligence claim against Fifth Third (Count III), libel defamation of character claims against Fifth Third and Markoff (Count IV), willful blindness claims against Fifth Third and Markoff (Count V), and fraud upon the court and fraudulent misrepresentation claims against Fifth Third and Markoff (Count VI). Markoff and Fifth Third now move to dismiss the instant action.

## DISCUSSION

Markoff moves to dismiss the cause of action under the *Colorado River* abstention doctrine. The *Colorado River* doctrine "permits federal courts to defer to a concurrent state proceeding as a matter of wise judicial administration." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir.2011)(quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). In order to determine whether the *Colorado River Doctrine* applies, courts make a two-part inquiry. *Adkins, Inc.*, 644 F.3d at 498. First, courts consider "whether the concurrent state and federal actions are actually parallel." *Id.*(quoting *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). To be considered parallel, both actions must involve "substantially the same parties [ ] contemporaneously litigating substantially the same issues." *Tyrer*, 456 F.3d at 752(quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988)). If it is determined

that both the federal and state actions are parallel, federal courts then consider "whether exceptional circumstances justify abstention." *Adkins, Inc.*, 644 F.3d at 499(quoting *Tyrer*, 456 F.3d at 752).

I. Parallel State and Federal Actions

     Markoff argues that the instant cause of action arises directly out of and relates to a parallel State Action. Markoff, on behalf of Fifth Third, has brought the state action alleging that Patricia Suszka breached a credit card agreement and owes Fifth Third $10,207.98. In defending the state court claims, Markoff alleges that Patricia Suszka contends that the $10,207.98 credit card debt owed to Fifth Third was resolved when the Suszkas provided Fifth Third with a $5 check. On June 3, 2016, the Suszkas filed the instant cause of action alleging that Patricia Suszka does not owe any debt to Fifth Third because it was resolved with the $5 check. The basis of the claims in the instant action and State Action are whether the Suszkas owe the credit card debt. Both proceedings involve the same parties, relate to the same credit card account, and involve nearly identical claims and defenses. Accordingly, the claims and defenses arising out of both causes of action are parallel. Therefore, the court finds that both the instant action and State Action are parallel.

II. Exceptional Circumstances

     Markoff argues that exceptional circumstances exist in this instance and the *Colorado River* factors weigh heavily in favor of dismissal. The court's task "is to

ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983). The Seventh Circuit has indicated that "the court must consider a number of non-exclusive factors that might demonstrate the existence of exceptional circumstances." *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004). Those factors include: "1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4)the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim." *Tyrer*, 456 F.3d at 754; *Colorado River*, 424 U.S. at 818–19. The court is required to carefully balance these factors. *Moses H. Cone Memorial Hosp.,* 460 U.S. at 16. The weight "given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.* However, in any case, the evaluation must be made "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* In the instant action, the state has assumed jurisdiction over the cause of action nine months prior to the instant cause of action being filed. The state court cause of action has progressed far beyond the instant cause of action. Also, there is a very real threat of piecemeal litigation, which would duplicate the amount of judicial resources

needed to resolve the dispute and present the possibility of inconsistent results. The federal cause of action is largely governed by Illinois law. Although Plaintiffs allege violations under 15 U.S.C. § 1692 of the FDCPA, these claims were also alleged in the defense in the State Action. Accordingly, the State Action has the potential to resolve all legal disputes between the parties and will adequately protect the Suszkas' rights. Also, the State Action is much further along procedurally than the instant cause of action. Requiring the parties to undergo nearly identical litigation in two separate jurisdictions and forums is duplicative, a waste of judicial resources, and would create piecemeal litigation. The factors strongly weigh in favor of dismissing the cause of action. Therefore, Markoff's motion to dismiss under the *Colorado River* doctrine is granted. Having dismissed the cause of action under the *Colorado River* doctrine, Fifth Third's motion to dismiss is moot.

## CONCLUSION

Based on the foregoing, Markoff's motion to dismiss is granted and Fifth Third's motion to dismiss is denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 19, 2017